UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYDEEP SINGH SINGH (A# 245-890-149),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No.  1:26-cv-2074 DC AC<br><br><br>ORDER & FINDINGS & RECOMMENDATIONS |

Petitioner, Jaydeep Singh Singh (A#245-890-149), an immigrant detainee proceeding without counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a motion to appoint counsel. ECF Nos. 1, 2.  The petition is dated February 27, 2026, and was received and filed by the Clerk of the Court on March 16, 2026.  ECF No. 1.  The petition asserts a due process violation under the Fifth Amendment to the United States Constitution and seeks petitioner's release or a bond hearing. Id. at 16-17.

On March 20, 2026, the undersigned issued a minute order setting a briefing schedule. ECF No. 5.  Respondent filed a motion to dismiss and response to the petition on April 3, 2026, in which respondent submits there are no significant factual or legal issues in this case that materially distinguish it from the cases identified by the court.  ECF No. 6 at 1.  Nonetheless, respondent argues that the petition should be dismissed because petitioner is an "applicant for

1

admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." Id. at 1-2.  A reply is due no later than April 10, 2026.

Court records show that on March 19, 2026, petitioner signed and mailed a second pro se petition for writ of habeas corpus, along with a motion for temporary restraining order ("TRO"). Singh v. Chestnut ("Singh II"), No. 1:26-cv-2279 DC DMC (E.D. Cal.), ECF Nos. 1, 2.[1]  The petition and motion were received and filed by the Clerk of the Court on March 23, 2026.  Id.

On March 24, 2026, in Singh II, the district judge converted the motion for TRO to a motion for preliminary injunction, set a briefing schedule for the preliminary injunction, and ordered respondent to substantively address whether Singh II is distinguishable from several cases listed and whether respondent opposes the court ruling directly on the petition.  Id., ECF No. 5.  On March 27, 2026, respondent filed a joint opposition to the motion for preliminary injunctive relief and response to the petition.  ECF No. 7.  On March 31, 2026, the district judge granted petitioner's motion for preliminary injunctive relief and petition for writ of habeas corpus.  ECF No. 9.  Respondent was ordered to (1) immediately release petitioner from custody under the same conditions he was subject to immediately prior to his re-detention on July 11, 2025, (2) not impose additional restrictions on petitioner's release absent future pre-deprivation custody hearing resulting in a determination that additional restrictions are necessary, and (3) not re-detain petitioner absent seven days' notice and a pre-deprivation bond hearing before a neutral arbiter, where eligibility for bond is considered.  Id.  The order does not address circumstances in which petitioner may be re-detained to effectuate a final order of removal.  Id.  Judgment was entered in favor of petitioner and the case was closed.  Id., ECF Nos. 9, 10.

Although the instant petition was filed first in time, this case has not progressed beyond the filing of the petition and respondent's filing of a motion to dismiss.  As noted above, the petition in Singh II was accompanied by a motion for a temporary restraining order, which was converted to a motion for a preliminary injunction and granted on March 31, 2026.  The petition

---

[1]  Petitioner also filed a motion to appoint counsel.  Singh II, ECF No. 3.

2

for writ of habeas corpus was also granted.  Petitioner was ordered release from custody and provided additional protection from re-detention.  Judgment was entered and the case was closed. Because Singh II granted petitioner the relief he seeks in this case, the undersigned recommends this case be dismissed as duplicative and the pending motion to dismiss be denied as moot.  In light of this recommendation, the undersigned will deny petitioner's motion to appoint counsel as moot.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to appoint counsel (ECF No. 2) is DENIED as MOOT.

IT IS RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 6) be DENIED as MOOT;

2.  Petitioner's application for a writ of habeas corpus be dismissed without prejudice as duplicative of Singh v. Chestnut ("Singh II"), No. 1:26-cv-2279 DC DMC (E.D. Cal.); and

3.  The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 7, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3